UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-8511-WM

UNITED STATES OF AMERICA

v.

JAQAVEON MAURICE BERNARD KING,

Defendant.
_____/

FILED BY SW D.C.
Sep 15, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: /s/ Aurora Fagan
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   188591
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 820-8711
Fax:   (561) 820-8777
Email:  Aurora.Fagan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JAQAVEON MAURICE BERNARD KING, | ) Case No. 25-8511-WM |
| | ) |
| Defendant(s) | ) |

FILED BY SW D.C.
Sep 15, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **11/23/2022 and 08/25/2025** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1029(a)(3) | Possession of fifteen or more unauthorized access devices. |
| 18 U.S.C. § 1704 | Possession of keys or locks stolen or reproduced. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Anthony Arena, USPIS Postal Inspector
_Printed name and title_

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: September 15, 2025

_Judge's signature_

City and state: West Palm Beach, FL

William Matthewman, Chief U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Anthony Arena, being duly sworn, depose and state as follows:

### INTRODUCTION and AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging JAQAVEON MAURICE BERNARD KING ("KING") with: Possession of Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3); and Keys or Locks Stolen or Reproduced, in violation of 18 U.S.C. § 1704.

2. I am a U.S. Postal Inspector with the United States Postal Inspection Service ("USPIS"), currently assigned to the Miami Division's West Palm Beach Domicile. I have been an Inspector for USPIS since July 2014. My responsibilities include the investigation concerning theft of mail, identify theft, mail fraud, and bank fraud. I have received training in criminal investigation procedures and criminal law and have conducted numerous criminal investigations involving theft of mail, identity theft, and bank fraud. For eight years prior to joining USPIS, I served as a law enforcement officer in the City of Margate, Florida.

3. The facts set forth in this affidavit are based on my personal observations, my review of records obtained during the investigation, my training and experience, and information provided to me by other law enforcement agents, law enforcement officers, and government personnel. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included in this affidavit every detail of the investigation.

### PROBABLE CAUSE

4. On November 23, 2022, USPIS was contacted by the Palm Beach Police Department ("PBPD") about a traffic stop related to an in-progress mail theft incident. PBPD identified the

driver of the vehicle as KING and the front seat passenger as D.S.F. ("DSF"). At approximately 11:30 am, Victim 1 called PBPD to report that the front right passenger of a black four door BMW opened their residential mailbox and removed the mail from Victim 1's mailbox. As PBPD were responding to the call, PBPD officers stopped a black four door BMW sedan bearing Florida license plate 01AYTR that matched the description of the vehicle used in the reported mail theft, due to a window tint violation. The PBPD officer was unable to see inside the vehicle due to the dark tint as he approached, so he instructed the driver, KING, to roll down the windows for officer safety. After KING did so, the PBPD officer observed several letters and packages in plain view in the backseat of the vehicle with various names and addresses on them. PBPD transported Victim 1 to the location of the traffic stop. Victim 1 positively identified the vehicle involved in stealing the mail from his residence and provided surveillance video of the mail theft. The surveillance video showed the vehicle approaching the residence and the front right passenger stealing the mail.

5. KING and DSF were arrested and transported to the PBPD, where officers conducted a tow inventory of the BMW and located several pieces of mail. Additionally, DSF's purse was on the front passenger floorboard and contained several pieces of mail not belonging to DSF, including mail belonging to Victim 1.

6. A PBPD officer read KING his rights from a PBPD issued Miranda card. KING acknowledged he understood his rights and agreed to speak with PBPD Detectives. When KING was asked about the mail inside the vehicle, KING stated, "It's a rental vehicle. That stuff was in the car when I got the car." KING eventually admitted to the mail theft and that he had stolen all the mail inside of the vehicle. KING also stated that he told DSF to steal the mail from Victim 1's residence. KING stated, "I made her do it. I told her to do it".

7. On December 13, 2022, I applied for and was issued a search warrant in Southern District of Florida Case No. 22-8580-WM to search KING and DSF's iPhones which were on their person on November 23, 2022. KING's iPhone was able to be downloaded, but the contents of DSF's iPhone could not be extracted because it was locked.

8. I conducted a review of the digital file downloaded from KING's iPhone, which showed the iPhone contained images consistent with fraudulent activity, to include images of checks in various names and a computer with check printing software displayed with an original check on the keyboard. Additionally, one specific image showed three USPS postal keys with the word "SOLD" over one of the keys. USPS postal keys are commonly used by mail thieves to open USPS blue collection boxes in order to steal mail containing checks and other personal identifying information ("PII"). As such, they are very valuable to thieves and are often sold on the black market.

9. Additionally, I made contact with fifteen individuals/businesses that had images of their checks recovered on KING's iPhone. All fifteen individuals/businesses stated that they did not know KING and he had no permission to possess images of their checks, which included their bank account numbers.

10. The recovered checks images were: Victim 2's check #1842, dated November 01, 2022, with account number ending x8998 in the amount of $8,625.00; Victim 3's check #4529, dated November 02, 2022, with bank account number ending x0873 in the amount $1,982.03; Victim 4's check #4873, dated October 13, 2022, with bank account number ending x3155 in the amount $675.00; Victim 5's check #2019, dated October 25, 2022, with bank account number ending x2073 in the amount $448.32; Victim 6's check #6727, dated October 22, 2022, with bank

account number ending x2234 in the amount $26.87; Victim 7's check #208, dated October 24, 2022, with bank account number ending x4737 in what appears to be a washed check, where the information was removed; Victim 8's check #2103, dated November 5, 2022, with bank account number ending x3175 in the amount $42.35; Victim 9's check #9803, dated November 6, 2022, with bank account number ending x4161 in the amount $65.00; Victim 10's check #1446, dated November 3, 2022, with bank account number ending x3795 in the amount $21,310.93; Victim 11's check #6965, dated November 7, 2022, with bank account number ending x8155 in the amount $204.92; Victim 12's check #7170, dated November 4, 2022, with bank account number ending x0545 in the amount $855.00; Victim 13's counterfeit check #76508, dated September 20, 2022, with bank account number ending x5080 in the amount $3800.54; Victim 14's check #11910, dated October 31, 2022, with bank account number ending x6404 in the amount $11,432.30; Victim 15's check #4437, dated October 25, 2022, with bank account number ending x0156 in the amount $175.00; Victim 16's check #12885, dated October 19, 2022, with bank account number ending x0401 in the amount $6,000.00.

11. On or about August 25, 2025, USPIS was contacted by the Boynton Beach Police Department ("BBPD") related to a traffic stop where a USPS key was recovered. After speaking with BBPD Officers and reviewing the report, I learned the following: BBPD Officers conducted a traffic stop of a dark colored Buick bearing Florida license plate NMGT55 for window tint violations. The driver of the vehicle was identified as "A.B." BBPD Officers also observed a seat belt violation by the passenger, identified as KING. BBPD Officers observed a black bag between the legs of KING and the center console. An NCIC check revealed that KING had an active warrant out of Palm Beach County, Florida for Domestic Battery under case number 25-003256MMAXX. KING was placed under arrest for the outstanding warrant and his black bag

was taken as personal property. BBPD Officers located among other items, a green debit card in KING's name and a USPS arrow key bearing serial number 402-13258 inside of the black bag. A BBPD officer read KING his *Miranda Rights,* KING acknowledged he understood his rights and agreed to speak with BBPD Officers. In a recorded interview, KING confirmed the black bag and all contents were his. When BBPD Officers asked KING about the USPS arrow key, KING confirmed it was his and requested that the USPS arrow key be turned over to A.B. It was not, but rather, the key remains in law enforcement custody.

12. KING was transported to the BBPD, where a second interview with KING was conducted. KING denied knowing what a USPS arrow key was but stated that he is the only person uses the black bag and had access to the key.

13. A search of USPS employee databases revealed that KING is not a USPS employee and should not be in possession of a USPS arrow key. A second search of USPS databases revealed that USPS arrow key 402-13258 was reported as lost on July 25, 2024, from the Boynton Beach Main Post Office.

(Remainder of page intentionally left blank.)

14. Based on the above facts, I submit that there is probable cause to believe that JAQAVEON MAURICE BERNARD KING ("KING") committed Possession of Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3); and Keys or Locks Stolen or Reproduced, in violation of 18 U.S.C. § 1704.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
ANTHONY ARENA, POSTAL INSPECTOR
UNITED STATES POSTAL INSPECTION SERVICE

Sworn to before me, by video conference, in accordance with requirements of Rule 4.1 of the Federal Rules of Criminal Procedure, this 15th day of September 2025.

_____
HONORABLE WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE